United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TREVOR MOSS,<br><br>Plaintiff,<br><br>vs.<br><br>NUI PHAO MINING JOINT VENTURE COMPANY, LTD.; TML ACQUISITIONS LTD; JOHN SHRIMPTON; DRAGON CAPITAL MANAGEMENT LIMITED; ENTERPRISE INVESTMENT MANAGEMENT LIMITED; VIETNAM ENTERPRISE INVESTMENTS LIMITED; TIBERON MINERALS PTE LTD.; VIETNAM GROWTH FUND LIMITED; VIETNAM DRAGON FUND LIMITED; and DOES 1 through 25, inclusive,<br><br>Defendants. | Case No. 10-1634 SC<br><br>ORDER GRANTING MOTION TO DISMISS |

**I. INTRODUCTION**

Now before the Court is a Motion to Dismiss filed by Defendants Dragon Capital Management Limited, John Shrimpton ("Shrimpton"), Enterprise Investment Management Limited, Vietnam Enterprise Investments Limited, Tiberon Minerals Pte Ltd. ("Tiberon PTE"), Vietnam Growth Fund Limited, Vietnam Dragon Fund Limited, and Nui Phao Mining Joint Venture Company, Ltd. ("Nui Phao") (collectively, the "Defendants"). ECF No. 18 ("Mot."). Plaintiff Trevor Moss ("Plaintiff" or "Moss") filed an Opposition, and Defendants submitted a Reply. ECF Nos. 32 ("Opp'n"), 37 ("Reply").

United States District Court
For the Northern District of California

For the reasons stated herein, the Court GRANTS Defendants' Motion to Dismiss.[1]

## II. BACKGROUND

### A. Moss's Allegations

Moss is a mining engineer, providing consulting engineering services, and he resides in Sonoma County, California. ECF No. 1 ("Notice of Removal") Ex. A ("Compl.") ¶ 1. Moss was hired to provide consulting services in connection with a mining project in Vietnam. Id. ¶ 14. Moss seeks payment of a bonus allegedly due to him under the terms of an August 2005 Consulting Agreement between Nui Phao and Moss. Id. ¶¶ 14-18; Ex. A ("Consulting Agreement"). The agreement states that Moss's annual rate of compensation was $250,000. Id. § 2(a). It states that "Moss shall participate in the formal bonus plan adopted by the Company. The bonus to Moss is based on predetermined annual objectives agreed upon each year . . . and shall be set at a target of 0 to 75% of Moss's prior twelve (12) month consulting fee with a target of 40% as a bonus." Id. § 2(b). Tiberon Minerals Ltd. ("Original Tiberon") guaranteed performance of the obligations in the Consulting Agreement. Id. ¶ 20, Ex. B ("Guarantee").

Plaintiff alleges that TML, a company incorporated in British Columbia, Canada, is the successor-in-interest to Original Tiberon. Id. ¶ 6. Defendants allege that TML no longer exists. Notice of Removal ¶ 3. Plaintiff alleges that all of the assets of TML have

[1] Defendants also requested additional time to respond to Plaintiff's Complaint. ECF No. 16. Defendants requested until May 21, 2010, and Defendants filed their Motion to Dismiss on that date. Plaintiff has not opposed the request. The Court GRANTS Defendants' request.

United States District Court
For the Northern District of California

been transferred to Tiberon PTE, an entity controlled by Dragon Capital Management Limited, Shrimpton, Enterprise Investment Management Limited, Vietnam Enterprise Investments Limited; Vietnam Growth Fund Limited, and Vietnam Dragon Fund Limited (collectively, the "Dragon Defendants"). Id. ¶ 5-7, 20. Plaintiff alleges that Original Tiberon was merged with TML on September 1, 2007. Id. ¶ 7.

Plaintiff has sued Nui Phao for breach of contract; TML and Tiberon PTE for breach of the guarantee; Nui Phao, TML and Tiberon PTE for violation of California's Labor Code; and the Dragon Defendants, TML and Tiberon PTE for interference with contract. Id. ¶¶ 13-33.

**B. Previous Lawsuits**

This case is the third one filed by Moss seeking payment of the bonus. The first case was filed on May 23, 2007. See Case No. 07-2732 ("Moss I"). Moss alleged that Original Tiberon breached a contract and violated California's Labor Code. See Defs.' Request for Judicial Notice ("Defs.' RJN") Ex. 1 ("Moss I Compl.").[2] This Court dismissed that case on forum non conveniens grounds. Defs.'

[2] Defendants request the Court to take judicial notice of documents filed before this Court in the previous lawsuits, and the Ninth Circuit's memorandum affirming this Court's dismissal of Moss's first lawsuit. ECF No. 19. The Court can take judicial notice of facts not subject to reasonable dispute. Fed. R. Evid. 201(b). The Court can take judicial notice of court proceedings that have a direct relation to matters at issue. United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir.1992). Although the Court may take judicial notice of its own records, it cannot take judicial notice of the truth of the contents of all documents found therein. M/V American Queen v. San Diego Marine Constr. Corp., 708 F.2d 1483, 1491 (9th Cir. 1983). The Court GRANTS the request for judicial notice, but only to the extent that the documents are used to argue the preclusive effect of the Court's previous forum non conveniens determination.

United States District Court
For the Northern District of California

RJN Ex. 5 ("Nov. 1, 2007 Order"). The Consulting Agreement at issue in Moss I is the same agreement at issue here. It states that its provisions "shall be governed by, interpreted, and enforced in accordance with the laws in force in the Province of Ontario." Id. at 2; Consulting Agreement § 11. At the time Moss was hired, Original Tiberon was a Canadian corporation. Nov. 1, 2007 Order at 1.

This Court found that Ontario, Canada, was an adequate alternative forum, and that the balance of private and public interest factors tipped in favor of dismissal. Id. at 3-8. The Court granted Original Tiberon's motion to dismiss on the condition that it submit to jurisdiction in Canada and waive any statute of limitations defenses. Id. at 12. The Ninth Circuit affirmed this Court's dismissal of Moss I. Defs.' RJN Ex. 6 ("Oct. 14, 2009 Ninth Cir. Mem.").

Plaintiff filed a second action on January 9, 2009. See Case No. 09-0109 ("Moss II"). Moss filed an Amended Complaint on May 5, 2009, against the Dragon Defendants, TML, and Tiberon PTE alleging intentional interference with contract. RJN Ex. 2 ("Moss II Am. Compl."). Moss alleged that these defendants deliberately interfered with the Consulting Agreement and prevented Moss from receiving his bonus. Id. ¶ 25. After defendants in Moss II filed a motion to dismiss, Moss filed a notice of voluntary dismissal on January 29, 2010.

On May 1, 2009, Moss filed this action in Sonoma County Superior Court. See Compl. Defendants removed the case to federal court. See Notice of Removal. Defendants are the same as in Moss II, with the addition of Nui Phao, and the claims asserted here

United States District Court
For the Northern District of California

combine the claims from Moss I and Moss II. See Compl.; Moss I Compl.; Moss II Am. Compl. Defendants filed a motion to relate this case to the previous two, which the Court granted on April 27, 2010. ECF Nos. 4, 12.

Defendants move to dismiss this third lawsuit contending that the Court's forum non conveniens ruling precludes this lawsuit. Mot. at 3, 16-19. Defendants also contend the Court lacks personal jurisdiction over them, and that Moss did not properly serve them. Id. 4-16, 20-23.

## III. LEGAL STANDARD

Courts can dismiss an action on the grounds of preclusion. Hawkins v. Risley, 984 F.2d 321, 324 (9th Cir. 1993); McClain v. Apodaca, 793 F.2d 1031, 1032-33 (9th Cir. 1986). "Collateral estoppel, or issue preclusion, bars the relitigation of issues actually adjudicated in previous litigation between the same parties." Clark v. Bear Stearns & Co., Inc., 966 F.2d 1318, 1320 (9th Cir. 1992). "Dismissal on forum non conveniens grounds does not establish claim preclusion; . . . but issue preclusion is appropriate if the issue actually remains the same." 18A Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction, § 4436, at 173-74 (2d ed. 2002). To avoid the preclusive effect of a prior forum non conveniens determination, the plaintiff must show objective facts relevant to the issue that materially alter the considerations underlying the previous resolution. Villar v. Crowley Maritime Corp., 990 F.2d 1489, 1498 (5th Cir. 1993); China Tire Holdings Ltd. v. Goodyear Tire and Rubber Co., 91 F. Supp. 2d

United States District Court
For the Northern District of California

1106, 1110 (N.D. Ohio 2000); Torreblanca de Aguilar v. Boeing Co., 806 F. Supp. 139, 141-42 (E.D. Tex. 1992).

## IV. DISCUSSION

Plaintiff contends that when the motion to dismiss was filed in Moss I, Original Tiberon no longer existed, and Plaintiff implies that if the Court was aware of this fact it would have materially altered the considerations underlying the Court's previous forum non conveniens determination. Opp'n at 3, 8. Defendants confirm that Original Tiberon and TML merged on September 1, 2007. Shrimpton Decl. ¶ 4.[3] This fact does not materially alter the considerations underlying the Court's previous determination.

### A. Canada Is an Adequate Alternative Forum

In its Order dismissing Moss I, this Court noted that the precise location of Original Tiberon's principal place of business was tangential to its holding. See Nov. 1, 2007 Order at 2. Instead, the Court relied on the Consulting Agreement's Governing Law provision, which states that its provisions shall be interpreted in accordance with the laws in force in the Province of Ontario, and the Court relied on Original Tiberon's agreement to submit to jurisdiction in Canada. November 1, 2007 Order at 3.

Here, Shrimpton declares that Tiberon PTE has assumed the obligations and liabilities of Original Tiberon. Shrimpton Decl. ¶ 24. David Woodhouse ("Woodhouse"), a Director of Tiberon PTE,

---

[3] Shrimpton's declaration was filed in Moss II. The declaration is attached as Exhibit 3 to Defendants' request for judicial notice, ECF No. 19, and as previously explained, the Court takes judicial notice of this declaration.

United States District Court
For the Northern District of California

also declares that Tiberon PTE has assumed the liabilities of Original Tiberon. Woodhouse Decl. ¶ 5.[4] Therefore, Plaintiff can assert his breach-of-guarantee claim in Canada against Tiberon PTE. Furthermore, Nui Phao is the party that signed the Consulting Agreement, and hence Moss can assert his breach-of-contract claim in Canada against Nui Phao, a company which continues to exist. See Shrimpton Decl. ¶ 3. Defendants state that:

> Tiberon Minerals Pte, Ltd. has assumed the contractual obligation, if any, of Original Tiberon to Moss. To the extent that it is therefore standing in the shoes of Original Tiberon, Tiberon Minerals Pte, Ltd. accepts litigating the matter in Canada (or if plaintiff prefers in Vietnam), and accepts the [sic] meeting the conditions placed on Original Tiberon by this Court in granting the forum non conveniens motion. The remaining defendants also accept the conditions placed on Original Tiberon in this Court's forum non conveniens dismissal.

Mot. at 4. Because Tiberon PTE is "standing in its shoes of Original Tiberon," and because Nui Phao also accepts submitting to jurisdiction in Canada, it remains the case that Ontario, Canada, is an adequate alternative forum for Moss's efforts to enforce the terms of the Consulting Agreement and Guarantee.

**B. The Private and Public Interest Factors**

Plaintiff has not drawn the Court's attention to any facts materially altering the Court's previous determine with regard to the public and private interest factors; they still tip in favor of dismissal. Original Tiberon's books and records are still in storage in Canada. Woodhouse Decl. ¶ 6. The Court has not been presented with any reason to question its previous determination

[4] Woodhouse filed a declaration in support of the Motion to Dismiss. ECF No. 27.

United States District Court
For the Northern District of California

concerning the availability of witnesses. It also remains the case that a Canadian court would be able to apply Canadian contract law more efficiently than this Court. See Nov. 1, Order at 5-6.

With regard to the public interest factors, it is still true that "the primary issue to be decided in this case, whether Moss met the agreed upon benchmarks and therefore was entitled to a bonus, is governed by Canadian law." Id. at 6. Canadian courts are more familiar with Canadian law than this Court, so the preference for having a forum apply a law with which it is familiar still favors dismissal.

**C. Interference with Contract Claim**

Plaintiff's Complaint contains a new claim that the Dragon Defendants, TML, and Tiberon PTE interfered with Plaintiff's contract with Nui Phao. Compl. ¶¶ 28-33. Moss alleges that the terms of a December 18, 2006 Pre-Acquisition Agreement prevented Original Tiberon and Nui Phao from paying Moss his bonus. Id. ¶¶ 29-33; Hanavan Decl. ¶¶ 7-12, Ex. E ("Pre-Acquisition Agreement").[5] Moss alleges that "only DRAGON CAPITAL'S founder and two Tiberon representatives, but no NUI PHAO representatives, purportedly considered the Trevor Moss bonus payment," that "Tiberon's management had agreed . . . not to approve any bonus for Mr. Moss without DRAGON CAPITAL'S prior approval," and that "the DRAGON CAPITAL DEFENDANTS prevented and precluded NUI PHAO's majority owner from honoring NUI PHAO's contractual obligations. . . ." Compl. ¶¶ 30-31.

This new interference with contract claim does not materially

[5] James M. Hanavan ("Hanavan"), counsel for Plaintiff, filed a declaration in support of Plaintiff's Opposition. ECF No. 36.

United States District Court
For the Northern District of California

alter the Court's previous determination that Ontario, Canada, is the appropriate forum for Plaintiff's claims. The Pre-Acquisition Agreement contains a Governing Law provision stating that it "shall be governed by and construed in accordance with the laws of the Province of Ontario and the laws of Canada applicable therein." Pre-Acquistion Agreement § 11. Shrimpton declares that Cliff Davis, an independent outside director of Original Tiberon, and Mario Caron, President of Original Tiberon, discussed Moss's bonus request in Toronto, Canada, on February 14, 2007, and that he attended an Original Tiberon Compensation Committee meeting at the same location the next day. Shrimpton Decl. ¶ 11. It therefore appears that the decision not to pay Moss a bonus was made in Toronto, Canada, and interpreting the Pre-Acquistion Agreement would require the Court to apply Canadian law. Therefore, if anything, Moss's new interference with contract claim strengthens, rather than weakens, the Court's previous determination that Ontario, Canada, is the proper forum for resolution of Moss's claims.

**D. New Defendants**

Finally, Moss argues the present lawsuit is not precluded by collateral estoppel because it is against an entirely different group of defendants. Opp'n at 12. The Defendants in this case can still rely on the preclusive effect of the Court's forum non conveniens determination. Federal courts permit non-mutual issue preclusion, and "defensive use of collateral estoppel precludes a plaintiff from relitigating identical issues by merely 'switching adversaries.'" Parklane Hosiery Co. Inc. v. Shore, 439 U.S. 322, 329 (1979). "It is well established that collateral estoppel can

United States District Court
For the Northern District of California

operate in favor of a party which did not litigate the earlier case, in appropriate circumstances." Columbia Steel Fabricators, Inc. v. Ahlstrom Recovery, 44 F.3d 800, 802 (9th Cir. 1995) (citing Green v. Ancora-Citronelle Corp., 577 F.2d 1380, 1383-84 (9th Cir. 1978)).

Here, Defendants can use collateral estoppel defensively, to prevent Moss from re-litigating the issue of whether California is the appropriate forum for his claims, and to prevent his suit from going forward in this Court. As previously determined, the question of whether Moss should be paid a bonus is a question for a Canadian court to decide. See Nov. 1, 2007 Order. Plaintiff is precluded from bringing suit here, and so the Court does not reach Defendants' contention that this Court has no personal jurisdiction over any of the Defendants, or the contention that Defendants were not properly served.

///

///

///

///

///

///

///

///

///

///

///

///

United States District Court
For the Northern District of California

**V. CONCLUSION**

For the reasons stated above, the Motion to Dismiss filed by Defendants Dragon Capital Management Limited, John Shrimpton, Enterprise Investment Management Limited, Vietnam Enterprise Investments Limited; Tiberon Minerals Pte Ltd., Vietnam Growth Fund Limited, Vietnam Dragon Fund Limited, and Nui Phao Mining Joint Venture Company, Ltd. is GRANTED. These Defendants must submit to jurisdiction in Ontario, Canada. As long as Plaintiff Trevor Moss files suit in Canada against these Defendants within two years from the date of this Order, Defendants must waive any statute of limitations defenses. This case is DISMISSED.

IT IS SO ORDERED.

Dated: August 13, 2010



UNITED STATES DISTRICT JUDGE